USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bigu Haider, *et al.*,

                Plaintiffs,

       –v–

Lyft, Inc.,

                Defendant.

20-cv-2997 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are a motion to compel arbitration (Dkt. No. 14), a motion to dismiss (Dkt. No. 20), a motion for discovery (Dkt. No. 32), and a motion to amend (Dkt. No. 52). In a separate Opinion & Order, the Court denied Lyft's motion to compel arbitration insofar as it sought to compel arbitration under the Federal Arbitration Act.

    The Court will grant the drivers leave to amend their complaint. Rule 15 requires that leave to amend be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," or some other compelling reason. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Lyft does not contend that the drivers' proposed amendment would be futile, and the Court does not infer bad faith from the timing of their motion. Given that this case is in its infancy and the Court has not yet entered a scheduling order, it concludes that Lyft would not be prejudiced by amendment.

The Court also requires further briefing on the motion to compel arbitration under state law. The parties' briefing does not adequately address two issues that bear on the Court's analysis. First, it is not obvious to the Court that the choice-of-law provision in Lyft's terms of service would not require the application of California law. The choice-of-law provision states that California law shall apply "[e]xcept as provided in Section 17." Section 17 states that the arbitration provision shall be governed by the FAA, but it does not provide that California law shall not govern where the FAA is inapplicable. Second, the parties have not addressed whether the opinion in *Islam v. Lyft, Inc*., No. 20-cv-3004 (RA), 2021 WL 871417 (S.D.N.Y. Mar. 9, 2021)—which decided the same issues among the same parties—should collaterally estop Islam from resisting arbitration under state law. Since the Court would defer consideration of the motions pending further briefing in any case, amendment will not result in any significant additional delay.

The Court thus administratively DENIES without prejudice Lyft's motion to compel arbitration under state law (Dkt. No. 14); administratively DENIES without prejudice its motion to dismiss (Dkt. No. 20); administratively DENIES without prejudice the drivers' motion for discovery (Dkt. No. 32); and GRANTS the drivers' motion to amend (Dkt. No. 52). The drivers' amended complaint shall be filed no later than April 30, 2021. Any renewed motion to compel arbitration under state law or to dismiss shall be filed no later than May 21, 2021. The drivers shall have two weeks from the filing of such motion to respond, and Lyft shall have one week from the filing of a response to reply. In their briefing on any renewed motion to compel arbitration under state law, the parties should address the applicability of California law and the preclusive effect of Judge Abrams's opinion in *Islam v. Lyft, Inc*., No. 20-cv-3004 (RA), 2021 WL 871417 (S.D.N.Y. Mar. 9, 2021), as set forth in this order.

The Court will set a discovery schedule following the disposition of any renewed motion to compel arbitration under state law or to dismiss.

This resolves Docket Numbers 14, 20, 32, and 52.

SO ORDERED.

Dated: March 31, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge