UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bigu Haider and Mohammad Islam,<br><br>          Plaintiffs,<br><br>     -v-<br><br>Lyft, Inc.,<br><br>          Defendants. | 20-cv-2997 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

On August 6, 2021, Judge Alison Nathan, previously assigned to this case, compelled the parties to arbitrate and stayed this litigation pending arbitration. See Dkt. No. 92. Nearly seven months later, on January 4, 2022, the plaintiffs moved to amend the complaint and add a third plaintiff, Mr. Mehedi Hasan. See Dkt. No. 102. Mr. Hasan, plaintiffs contend in their motion, "can play the role previously played by [Mr.] Haider" as a putative class representative because he -- unlike the two current plaintiffs -- "opted out of all Lyft arbitration provisions." See Dkt. No. 111 at 2.

Having carefully considered the parties' submissions, the Court denies the plaintiffs' motion to amend its complaint and add Mr. Mehedi Hasan as a party. Though Rule 15(a)(2) requires that the Court "freely give leave to amend when justice so requires," the decision whether to do so is "within the sound discretion" of the Court and there are cases in which granting leave is plainly "inappropriate." See Fed. R. Civ. P. 15(a)(2); Lewis Family Grp. Fund LP v. JS Barkats PLLC, 2019

1

WL 3579844, at *2 (S.D.N.Y. July 25, 2018). This is such a case for two reasons.

First, as noted, this litigation is stayed pending arbitration. Cf. Katz v. Cellco P'ship, 794 F.3d 341, 347 (2d Cir. 2015) ("[T]he text, structure, and underlying policy of the [Federal Arbitration Act] mandate a stay of proceedings when all the claims in an action have been referred to arbitration and a stay requested."). And a stay "free[zes] an action or proceeding before it at whatever point it has reached and preclude[es] it from going any further." In re 650 Fifth Ave., 2014 WL 4979189 (S.D.N.Y. Oct. 6, 2014) (emphasis added). It follows that, unless the Court decides to lift the stay following arbitration, that stay bars plaintiffs from seeking to join new parties by amending their complaint.

Second, "undue delay" and "prejudice to the non-moving party" also warrant a denial of the plaintiffs' motion. See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 556, 603-04 (2d Cir. 2005). As to delay, plaintiffs filed this motion nearly seven months after Judge Nathan compelled the parties to arbitrate. Even if the Court accepts that Mr. Hasan had only recently informed counsel that he had opted out of all relevant Lyft arbitration agreements, that still does not justify the plaintiffs' seven-month delay. Judging by the fact that Mr. Hasan filed a declaration supporting one of the plaintiffs' motions six months ago, plaintiffs' counsel clearly knew Mr. Hasan and could have inquired about his suitability as a class plaintiff months earlier. See Dkt. No. 81. Indeed, there is evidence to suggest that

2

legal gamesmanship may have motivated this delay: plaintiffs filed this motion just weeks after judges in similar cases declined to reconsider compelling to arbitration the claims of other Lyft drivers whom plaintiffs' counsel also represented. See <u>Islam v. Lyft, Inc.</u>, 2021 WL 5762211, at *3 (S.D.N.Y. Dec. 3, 2021); <u>Aleksanian v. Uber Techs. Inc.</u>, 2021 WL 6137095, at *1 (S.D.N.Y. Dec. 29, 2021).

As to prejudice, allowing plaintiffs to amend their complaint at this stage would unfairly disadvantage the defendants. The issue of arbitration has been twice briefed over the course of two years and permitting plaintiffs to add Mr. Hasan would start this process over again, needlessly expending judicial and party resources. Further, there is no guarantee that, if the Court were also to compel Mr. Hasan to arbitrate with Lyft, the plaintiffs would forego attempting to add another plaintiff to keep this case in federal court.

For the foregoing reasons, the Court hereby denies the plaintiffs' motion to amend its complaint to add a new party to this litigation. The Clerk is respectfully directed to close docket entry 102 in this case.

SO ORDERED.

New York, NY
March 30, 2023

JED S. RAKOFF, U.S.D.J.